935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delmer DOWNEN and Monte White, Defendants-Appellants.
 Nos. 90-2420, 91-1059.
 United States Court of Appeals, Seventh Circuit.
 Argued June 5, 1991.
Decided June 7, 1991.
 
 1
 Before CUMMINGS and POSNER, Circuit Judges, and JAMES E. NOLAND, Senior District Judge.*
 
 ORDER
 
 2
 The defendants were convicted of conspiracy to distribute marijuana. 21 U.S.C. Sec. 846. Their appeals challenge their sentences. Downen was sentenced under the guidelines to 151 months. White was sentenced to two years under pre-guidelines law. Downen had been separately indicted for conspiracy to distribute methamphetamine (in violation of the same statute), but the judge ruled that the conduct charged in that indictment was part of the conspiracy charged in the marijuana indictment, and therefore dismissed the second indictment as barred by the double jeopardy clause. In sentencing Downen, the judge took into account, as "relevant conduct" (Sentencing Guidelines Sec. 1B1.3(a)(1)), Downen's methamphetamine activities; and Downen's first ground of appeal is that this was improper because a charge dismissed on constitutional grounds cannot be used to enhance punishment on a different charge. He cites no support for this proposition, and it makes no sense that we can see, especially in the factual setting of this case. The methamphetamine indictment was dismissed because the activities charged in it were part of the conspiracy of which Downen was lawfully convicted; those activities made it a larger conspiracy and therefore deserving of more severe punishment. The only reason the methamphetamine activities came in as relevant conduct rather than as charged conduct was that the government did not present evidence of those activities at trial, having planned to present them at what it thought would be a separate trial charging a methamphetamine conspiracy. The district judge's double-jeopardy ruling scotched the separate trial--but at the same time established the relevance of Downen's methamphetamine activities to the marijuana charge on which he was tried.
 
 
 3
 Downen's other ground for appeal is that the methamphetamine involved in the conspiracy was Levo-methamphetamine, which is only one-tenth the strength of regular methamphetamine and therefore subjects the offender to a lighter sentence under the guidelines. Sentencing Guidelines, Sec. 2D1.1, Drug Equivalency Tables. Downen's sentence was predicated on his having distributed regular methamphetamine. He did not claim in the district court that the stuff was really Levo; nor there is any evidence it was. He thus has not taken the first step toward demonstrating plain error, United States v. Hagan, 913 F.2d 1278, 1282 (7th Cir.1990), as he was required to demonstrate, not having raised the issue in the district court.
 
 
 4
 Last, White argues that the district judge should have given him a concurrent rather than a consecutive sentence. The government itself had recommended a concurrent sentence, in recognition of the fact that White had recently been sentenced to 51 months for a drug offense committed in the Southern District of Illinois. White concedes that the consecutive sentence was lawful, and under the regime that prevailed before the guidelines the district judge's choice of sentence within the lawful range is virtually unreviewable. United States v. Tucker, 404 U.S. 443, 446-47 (1972); United States v. Sato, 814 F.2d 449, 451 (7th Cir.1987). No ground for disturbing the judge's exercise of his discretion has been shown.
 
 
 
 *
 Of the Southern District of Indiana, sitting by designation